UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARTY ROGIER, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>VINCENNES UNIVERSITY, )<br>)<br>   Defendant. ) | Case No.: 3:25-cv-00079-RLY-MJD |

## CASE MANAGEMENT PLAN

**I.**     **Parties and Representatives**

    A.     Plaintiff:     Marty Rogier
                Defendant:     Vincennes University

    B.     Plaintiff's Counsel:     Erin Bauer
                                         BARBER & BAUER, LLP
                                         124 SE First Street, Suite 101
                                         Evansville, IN 47708
                                         T: (812)425-9211
                                         erin@barlegal.net

            Defendant's Counsel:     Samuel W. Hughes, Atty. No. 36556-29
                                         James T. Nussbaum, Atty. No. 31771-41
                                         CHURCH CHURCH HITTLE + ANTRIM
                                         10765 Lantern Road, Suite 201
                                         Fishers, IN 46038
                                         T: (317) 773-2190
                                         shughes@cchalaw.com
                                         jnussbaum@cchalaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**     **Jurisdiction and Statement of Claims**

    A.     This court has subject matter jurisdiction based on Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et. seq. and 28 U.S.C. § 1331.

B.     Plaintiff's Synopsis:

        Rogier became employed with Vincennes University as a track and field and cross-country coach in or about June, 2021. As a track and field and cross-country coach, Rogier was required to recruit, retain, and coach track and field and cross-country athletes. Beginning in or about the summer of 2024 and continuing until Rogier's termination, Vincennes University discriminated against Rogier's athletes whose national origin was not the United States.

        In or about August, 2024, Rogier met with a representative from the Vincennes University Human Resources Department to complain of the discrimination of his International Student who were being discriminated against based on their national origin. Immediately after meeting with a human resource representative, Vincennes University President Charles R. Johnson notified Rogier by letter that he was "immediately suspending [his] ability to offer Letters of Intent to non-US student-athletes for next year," canceling all letters of intent offered to student-athletes who had been offered scholarships but had not yet enrolled, and prohibiting Rogier from offering letters of intent to any "non-US student-athletes in Track and Field or Cross Country" for 2025.

        On or about November 13, 2024, Rogier lodged a "Formal Complaint Against Unfair Treatment of International Student Athletes" ("Complaint") with Vincennes University. Rogier met with Vincennes University trustees on or about November 14, 2024 to complain about the discrimination. One of those trustees summarily dismissed Rogier's concerns by email after that meeting, and a Complaint Review Committee denied Rogier's Complaint in writing on December 6, 2024.

        On or about December 16, 2024, Rogier filed an appeal of the denial of his Complaint and requested a formal hearing of his Complaint. The next day, on December 17, 2024, Vincennes University terminated Rogier's employment, unlawfully retaliating against him.

C.     Defendant's Synopsis:

        Vincennes responds that Rogier was not retaliated against because he did not engage in a protected activity and because he was terminated for legitimate reasons unrelated to his discrimination complaint.

## III.     Pretrial Pleadings and Disclosures

A.     The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 7, 2025**.

B.     Plaintiff(s) shall file preliminary witness and exhibit lists on or before **July 14, 2025**.

C.     Defendant(s) shall file preliminary witness and exhibit lists on or before **July 21, 2025**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **August 11, 2025**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **July 14, 2025.** Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 21 days after receipt of the demand.** The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at MJDinsmore@insd.uscourts.gov.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **April 7, 2026**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **May 7, 2026**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **July 31, 2026**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **May 8, 2026**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The final witness list must identify each potential witness **by name** and include a brief synopsis of each witness's expected testimony. The final exhibit list must precisely identify, preferably **by Bates number**,[1] each specific document that may be offered at the

---

[1] If the documents in question are not Bates numbered, the party should identify the documents by date and description and include therein the number of pages of each document, and shall immediately comply with the request of any party to be provided with a copy of that specific document, whether or not the document has been previously produced.

trial of this matter. No individual not identified by name in the final witness list may testify at the trial of this matter. No document not expressly identified in the final exhibit list may be offered into evidence at trial.[2]

    J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

    K.    <u>Discovery of electronically stored information ("ESI")</u>. Unless otherwise agreed by the parties or ordered by the Court, all emails and all email attachments will be produced in PDF format, all audio or video files will be produced in MP4, MOV, or AVI format with all metadata included, all digital photographs shall be produced in HEIC or JPEG format, with all metadata included, and all other electronically stored information will be produced in its native format. If a party determines in good faith that it is unable to adequately review any ESI produced in other than its native format, it may request the production of the ESI in its native format, in which event the information will then be produced in its native format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    <u>Discovery[3] and Dispositive Motions</u>

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

---

Copies of previously produced documents identified by Bates number in the final exhibit list need not be produced.

[2] If a party identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that party shall immediately file a motion for leave to amend their final witness and/or exhibit list, and shall identify therein when the witness or exhibit was first identified and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph.

[3] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

   Yes, the Defendant anticipates filing a motion for summary judgment because the anticipated undisputed facts will demonstrate that Plaintiff was not retaliated against as a matter of law because he did not engage in a protected activity and his discrimination complaint was not the but for cause of his termination.

B. On or before **February 13, 2026**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.  A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

C. Dispositive motions are expected and shall be filed **March 6, 2026**; non-expert witness discovery and discovery relating to liability issues shall be completed by **February 6, 2026**; all remaining discovery shall be completed by **July 10, 2026**.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

V. <u>Pre-Trial/Settlement Conferences</u>

The parties recommend a settlement conference in January 2026.

VI. <u>Trial Date</u>

This matter will be ready for trial in or after **December, 2026**.  The trial is by **jury** and is anticipated to take **3 days**.

VII. <u>Referral to Magistrate Judge</u>

A. **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.   Required Pre-Trial Preparation**

    A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.   Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.   brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question-and-answer format, this is strongly encouraged.); or

            b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

        6.   Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

  B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX. <u>Other Matters</u>**

  None.


Respectfully submitted,         Respectfully submitted,

<u>*Erin Bauer (with permission)*</u>     <u>*Samuel W. Hughes*</u>
Erin Bauer, Atty. No. 27733-82     Samuel W. Hughes, Atty. No. 36556-29
BARBER & BAUER, LLP        James T. Nussbaum, Atty. No. 31771-41
124 SE First Street, Suite 101      CHURCH CHURCH HITTLE + ANTRIM
Evansville, IN 47708         10765 Lantern Road, Suite 201
*Attorney for Plaintiff*         Fishers, IN 46038
                 *Attorneys for Defendant*

*************************************************************************

|   | |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **March 6, 2026** |
| X | DISCOVERY SHALL BE COMPLETED BY **February 6, 2026** |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED AS AMENDED.**

Dated: 20 JUN 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.